UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAFITTE SEAFOOD MAISON, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7546** |
| **WESTERN WORLD INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(5)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's motion is now GRANTED.

### I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's restaurant located at 2512 Jean Lafitte Boulevard in Lafitte, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Western World Insurance Company ("Western World"), Universal Specialty Underwriters of Louisiana, Inc. ("Universal"), GAB Robins North American, Inc. ("GAB"), and Dennis G. Quinn.

In August of 2006, the Plaintiff filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiff alleges that it is entitled to payment from Western World for damages and losses to the property and its contents, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Universal negligently failed to advise the Plaintiff and failed to procure adequate insurance coverage. Lastly, the Plaintiff alleges that GAB and Quinn incorrectly adjusted the Plaintiff's claim.

Western World removed this case to federal court on October 6, 2006, contending that

this Court has diversity jurisdiction under 28 U.S.C. § 1332, because Universal, GAB, and Quinn are improperly joined and the amount in controversy exceeds $75,000. On November 6, 2006, the Plaintiff filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Western World contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, Western World contends that diversity jurisdiction exists because the non-diverse defendants were improperly joined and, therefore, that the Court must disregard the citizenship of these defendants. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of

jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiff alleges that Universal misrepresented the terms of the insurance policy and failed to adequately explain the policy exclusions and limitations. Without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case. *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Universal was not improperly joined and, thus, that diversity jurisdiction does not exist in this case.[1]

---

[1] Having found that diversity of citizenship does not exist, the Court need not consider whether GAB and Quinn are improperly joined or whether the amount-in-controversy requirement has been satisfied.

In the alternative, Western World argues that the non-diverse defendants are improperly joined because the Plaintiff's claims against these defendants arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the joinder of the Plaintiff's claims against Western World and the non-diverse defendants is not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiff's property during Hurricane Katrina. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this  21st  day of   February , 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE